IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARIO MELENDEZ

Plaintiff

vs                                                    CIVIL 98-1925CCC

U.S. MARSHAL SERVICE and
S.P. MANAGEMENT CORP.

Defendants

## OPINION AND ORDER

Plaintiff has brought this pro se civil rights action, pursuant to 28 U.S.C. §1331 and 42 U.S.C. §1987, against the U.S. Marshals Service and S.P. Management Corp., alleging to have suffered physical, emotional damages, as well as injuries to his constitutional rights, as a result of defendants' actions in connection with the forfeiture of a certain real estate property, which plaintiff identifies as "Lot #3," located in the Municipality of Vega Baja, Puerto Rico. According to plaintiff, the defendants incorrectly ordered his wife and family to move from the property where they resided, which he identifies as "Lot #2" and not subject to forfeiture. Attached to the complaint, plaintiff includes copy of a public deed for "Lot #2." Plaintiff has demanded trial by jury and seeks general and compensatory damages in the amount of $1,000,000.00 and exemplary and punitive damages in the amount of $5,000,000.00.

The U.S. Marshals Service answered the complaint and moved for dismissal on various grounds (**docket entries 4 and 8**). For the reasons set forth herein we DISMISS.

The Court's records evince that a valid forfeiture decree was entered in the case of United States v. One Rural Lot # 7884, Civil No. 92-1663(JP) against the property which plaintiff identifies as "Lot #2" and whose description, as per the public deed which plaintiff has attached to the complaint, corresponds with defendant property "C" in the Complaint for Forfeiture in rem filed on May 18, 1992, in Civil No. 92-1663(JP) (Docket No. 1), to wit:

ONE RURAL LOT NUMBER 6,351 LOCATED AT HC83, BOX 6058, ESPINOSA WARD, VEGA ALTA, P.R., DESCRIBED IN THE REGISTRY OF THE PROPERTY OF THE COMMONWEALTH OF PUERTO RICO AS FOLLOWS:

RUSTICA: Predio de terreno, denominada parcela #3 en el plano de segregación, que radica en el Barrio Espinosa de Vega Alta, Puerto Rico, con una cabida de 2,226 metros cuadrados. En lindes por el Norte, en distancia de 89.34 metros, con la Sucesión Bruno Claudio; por el Sur, en distancia de 55.47 metros, con la finca de la cual se segrega; por el Este, a distancia de 32.89 metros, con Juan Rosario; y por el Oeste, en distancia de 58.06 metros, con área de uso público que lo separa de la carretera estatal #629.

Inscrita al folio 7, tomo 93 de Vega Alta, finca número 6,351, inscripción sexta y última.

The forfeiture complaint further avers that said property, among others, is a proceeds traceable to the narcotics trafficking and/or money laundering activities of Mario E. Torres Meléndez while a member of Ramón Torres González' drug trafficking organization, as per indictment returned in the case of <u>United States v. Torres González, et al.</u>, Criminal No. 90-370CCC. According to the forfeiture complaint, Ramón Torres González used defendant property "C," among others, to bury 22 plastic barrels containing approximately $43,000,000.00 in drug proceeds. All properties which constitute proceeds traceable to illegal drug trafficking and/or money laundering activities are subject to forfeiture pursuant to 21 U.S.C. §881. (Civil No. 92-1663JP; docket entry 1.)

Plaintiff, and other interested parties, stated, through legal counsel, a claim to defendant property "C" before this Court (Civil No. 92-1663JP; docket entry 7). Plaintiff was personally served at the Puerto Rico State Penitentiary with the Warrant of Arrest <u>in rem</u> on November 24, 1992; his wife, Amalia Pantoja Pineda, was personally served as well. (Civil No. 92-1663JP; docket entries 11 and 13). As no answer to the complaint was filed, on July 31, 1995 the United States moved for default decree of forfeiture as to defendant property "C," among others. (Civil No. 92-1663JP; docket entry 22.)

CIVIL 98-1925CCC                              3

In an Amended Partial Judgment entered on November 25, 1996 (Civil No. 92-1663(JP); Docket No. 63 at 1-2), the Court found as follows:

> On October 16, 1992, a claim to defendant property [C], was made by Amalia Pantoja-Pineda, Mario E. Torres-Meléndez a/k/a Mario Ernesto Meléndez, and the conjugal partnership between them ... On April 12, 1993, the Clerk of Court entered default against Mario Torres-Meléndez, but not against Amalia Pantoja-Pineda or the conjugal partnership between them. The Court sees no reason that default should not be entered against Amalia Pantoja-Pineda and the conjugal partnership between Pantoja-Pineda and Torres-Meléndez. Those claimants have never answered the complaint, and several years have elapsed since they filed their claim. Therefore, the Court hereby ORDERS that default be entered against Amalia Pantoja-Pineda and the conjugal partnership between her and Torres-Meléndez. Judgment will be entered against Torres-Meléndez, Pantoja-Pineda, and the conjugal partnership between them upon motion by the plaintiff United States of America.

In accordance with these findings, the United States filed a Motion for entry of Final Decree of Forfeiture on March 17, 1997; Final Decree of Forfeiture as to defendant property "C" and others was entered on April 1, 1997. (Civil No. 92-1663JP; docket entries 68-69.)

Contrary to plaintiff's allegations, the Court's records are devoid of evidence presented by him demonstrating that the wrong property was forfeited, attesting instead to plaintiff's failure to prosecute his claim. The forfeiture action has been closed as of April 1, 1997. No appeal having been taken from the Final Decree of Forfeiture entered as of said date, plaintiff now seeks to circumvent his default and the finality of the Court's judgment in Civil No. 92-1663JP by improvidently filing the complaint giving rise to the instant case which is, in fact, a belated claim of interest in defendant property "C," a matter that has already been adjudged by this Court.

CIVIL 98-1925CCC                              4

WHEREFORE, for the reasons herein stated the Complaint is hereby DISMISSED. Judgment shall be entered accordingly.

SO ORDERED.

At San Juan, Puerto Rico, on March 31, 2000.

*CARMEN CONSUELO CEREZO*
United States District Judge

s/c: M. Meléndez
J. Santos
4-4-00