IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARIO MELENDEZ

Plaintiff

vs

U.S. MARSHAL SERVICE and
S.P. MANAGEMENT CORP.

Defendants

CIVIL 98-1925CC

**ORDER**

Plaintiff Mario Meléndez brought this pro se civil rights action, pursuant to 28 U.S.C. §1331 and 42 U.S.C. §1987, against the U.S. Marshals Service (USMS) and S.P. Management Corp., alleging to have suffered physical and emotional damages, as well as injuries to his constitutional rights, as a result of defendants' actions when they incorrectly initiated forfeiture proceedings against the property where plaintiff's wife and family resided.

On March 31, 2000, the Court dismissed the complaint based on the final decree of forfeiture and the findings entered on April 11, 1997 in the case of United States v. One Rural Lot # 7884, Civil No. 92-1663(JP). On April 24, 2000, pursuant to Fed.R.Civ.P. 60(b), plaintiff filed a motion entitled "Relief from Judgment or Order...." (**docket entry 18**) reasserting that the final forfeiture decree entered in default in Civil No. 92-1663(JP) was erroneous and that he has suffered damages as a result of defendants' actions. Attached to his motion, plaintiff includes copy of three letters concerning the USMS's administration of the property. The most salient of these is an April 1, 1999 letter from the USMS addressed to plaintiff's wife, Amalia Pantoja-Pineda, informing that "due to an involuntary error," the USMS confused the forfeited property with the property where plaintiff and his family resided. (See **docket entry 18**, Exhibit # 1).

On June 12, 2000, the USMS filed its opposition (**docket entry 21**), restating that the United States never moved to forfeit Lot 2, the property where plaintiff's wife and family resided. According to the USMS, the notice of seizure was erroneously served on Lot 2, which is adjacent to the defendant property subject of the final forfeiture decree entered in Civil No. 92-1663(JP), both owned by the plaintiff. Once the USMS became aware of the mistake, no further action was taken concerning the property where the notice of seizure was incorrectly served, as appears in the April 1, 1999 letter from the USMS' office in the District of Puerto Rico.

It appears that there has been some confusion caused by plaintiff's and the records' references to "lot #2," the property where the notice of seizure was incorrectly served, and to "lot # 3," "defendant property C," and "lot #6351," the last three descriptions referring to one same forfeited property. The Court understands that this situation, coupled with the mistaken service of the notice of seizure at Lot #2, prompted plaintiff to file the instant complaint. However, although plaintiff averred in his complaint that a mistake was made, it was not until the filing of the Rule 60(b) motion on April 24, 2000 (**docket entry 18**) that he shared a copy of the April 1, 1999 letter with the Court. At the time judgment was entered in this case on March 31, 2000, the Court had no knowledge of such a letter.

The USMS has incorporated in its opposition to the Rule 60(b) motion the arguments of its previous motion to dismiss (**docket entry 8**), to wit: (1) that the USMS is improperly named as a party defendant in the complaint under <u>Bivens</u>; (2) that the relief sought by plaintiff, monetary damages, defeats jurisdiction and is barred by sovereign immunity; (3) that federal

AO 72A
(Rev.8/82)

CIVIL 98-1925CCC                                            3

agencies may not be sued under <u>Bivens</u>; (4) that the only proper defendant under the Federal Tort Claims Act is the United States and (5) that plaintiff has failed to exhaust administrative remedies, as required by said Act.

It is well settled that a <u>Bivens</u> action will not lie against an agency of the federal government. <u>Ruiz-Rivera v. Riley</u>, 209 F.3d 24, 28 (1st Cir. 2000). Since the USMS is a federal agency, the claim is in effect one against the United States of America. The Federal Tort Claims Act (FTCA), 28 U.S.C. §2671 <u>et. seq.</u>, is the exclusive remedy for money damages against the United States for the wrongful acts or omissions of a federal employee while that employee acted within the scope of his employment. 28 U.S.C. §2679(b)(1). But section 2675(a) of the FTCA provides, in substance, that an FTCA action shall not lie unless a claim has first been presented to the appropriate federal agency and denied. Inasmuch as "the record is devoid of any indication that [plaintiff], to this day, ha[s] ever complied with the FTCA's administrative claim requirements ... [and] ... [e]xhaustion of plaintiff['s] administrative remedies is a jurisdictional prerequisite to the prosecution of [his] FTCA claims," <u>Cotto v. U.S.</u>, 993 F.2d 274, 280 (1st Cir. 1993), we find ourselves without jurisdiction to entertain the merits of his complaint. Accordingly, plaintiff's motion for relief from judgment filed under Fed.R.Civ.P. 60(b) (**docket entry 18**) is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on March 31, 2001.

s/cs:to ( 2 )
attys/pts
in ICMS

MAR 2 3 2001

CARMEN CONSUELO CEREZO
United States District Judge